IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05 C 4814 |
| v. ) | |
| ) | Suzanne B. Conlon, Judge |
| PRIME FINANCIAL MORTGAGE ) | |
| CORPORATION and EDUARDO ZEPEDA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Elizabeth Cox brings a wrongful termination suit against her former employer, Prime Financial Mortgage Corporation, and its chief executive officer, Eduardo Zepeda. She claims defendants terminated her as a branch manager because she is Caucasian, in violation of 42 U.S.C. § 1981, and that they retaliated against her for objecting to an alleged discriminatory hiring policy favoring Hispanics, in violation of Illinois public policy. Defendants claim Cox was terminated for substandard performance. Trial begins on April 24, 2006. The parties move *in limine* to bar evidence at trial.[1] For the reasons set forth below, the motions *in limine* are denied.

### DISCUSSION

**I. Legal Standard**

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *Hawthrone Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (Conlon, J.). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they

---

[1] The parties' motions *in limine* were filed as Exhibit M to the joint final pretrial order. Cox filed two motions *in limine*; defendants filed one "global" motion containing eight *in limine* requests.

arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id.* Denial of a motion *in limine* does not mean evidence contemplated by the motion will be admitted at trial. *Id.* Instead, denial means the court cannot, or should not, determine whether the evidence in question should be excluded before trial. *Id.*; *see also United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("a ruling [on motion *in limine* is] subject to change based upon the court's exposure to the evidence at trial").

## II. Cox's Motions *in Limine*

### A. Alleged Substandard Performance

Cox claims that as Prime Financial's branch manager, she reviewed performance production appraisal reports with loan officers. Pl. First Mot. at ¶ 2. She removed from Prime Financial 75 to 80 reports after she was terminated. *See id.* at ¶¶ 3-5; *see also* Defs. Resp. to First Mot. at 2. She alleges she returned these reports to Prime Financial. Pl. First Mot. at ¶¶ 3-5. According to Cox, defendants failed to produce these reports in discovery. *Id.* at ¶¶ 10, 14-15. Defendants deny that Cox returned the reports. Defs. Resp. to First Mot. at 2. She argues that these reports would prove her satisfactory job performance and that defendants' failure to produce them warrants preclusion of all evidence of her alleged substandard performance.

To determine whether to exclude evidence based on purported discovery violations, the court must consider four factors: (1) whether Cox is prejudiced because of the purported violations; (2) whether she is able to cure the prejudice; (3) whether the purported violations will disrupt the trial; and (4) whether defendants acted in bad faith. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Cox fails to establish any of these factors. Nor has she established defendants committed

2

a discovery violation with respect to the apparently missing reports. Without factual support, she asserts the missing reports would prove her satisfactory performance. A sample performance production appraisal report shows nothing more than the numbers of mortgage closings and production value accomplished by a loan officer each month. Defs. Resp. to First Mot. Ex. C. Cox does not explain why these reports are probative or how she is prejudiced without them. Even assuming the missing reports are necessary to establish her satisfactory performance, some reports have in fact been produced in discovery. *See id.* Moreover, Cox fails to conclusively establish she returned the missing reports to defendants. The record is devoid of any evidence suggesting defendants acted in bad faith. Cox's reliance on *Spina v. Forest Preserve of Cook County* is inapposite because in *Spina*, discovery violations were conclusively established. No. 98 C 1393, 2001 WL 1491524, at **4-5 (N.D. Ill. Nov. 23, 2001) (Keys, M.J.). Accordingly, her first motion *in limine* must be denied.

## B. Undisclosed Witnesses

Cox moves to bar the following 18 witnesses from testifying at trial: Enrique Hernandez, Stefani Rios, Brenda Berrospe, Martha Flores, Martha Beltran, Grace Tena, Lucy Lara, Angie Flores, Gaby Avila, Gaby Frisby, Charlie Parks, Alura Ortiz, Graciela Beltran, Marisol Ramirez, Francelia Ocampo, Cesar Galvan, Becky Montanez, and Matt Ewald. She argues defendants failed to disclose these witnesses pursuant to Fed. R. Civ. P. 26.

Rule 26 requires a party to provide:

> [T]he name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . ., identifying the subjects of the information.

Fed. R. Civ. P. 26(a)(1)(A). A party must supplement its disclosures if it learns that information previously disclosed is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1). But a party has "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition." *Id.* advisory committee's note. To ensure compliance with Rule 26 requirements, Rule 37 provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).

Defendants argue they had no obligation to disclose any of the 18 witnesses Cox seeks to exclude, because each witness was identified by name during depositions. Defs. Resp. to Second Mot. Exs. B-F. In addition, with the exception of Rios and Park, defendants produced the personnel files of these witnesses. Defs. Resp. to Second Mot. at 2. Defendants' failure to disclose these witnesses pursuant to Rule 26(a)(1) is therefore harmless. Fed. R. Civ. P. 26(e) advisory committee's note. Arguing the contrary, Cox relies on *Santiago v. Furniture Chauffeurs, Piano Movers, Packers, & Handlers Local 705*, No. 99 C 2886, 2001 WL 11058 (N.D. Ill. Jan. 4, 2001) (Kennelly, J.). In *Santiago*, certain witnesses were barred from testifying because plaintiffs "provided no justification or excuse for their failure to identify any of these [witnesses]." *Id.* at *8. This is not the case here. Accordingly, her second motion *in limine* must be denied.

4

## III. Defendants' Motion *in Limine* (Parts A Through H)

### A. Undisclosed Witnesses

Defendants move to exclude Donna Cox, Bryan Kelly, Monika Tkaczyk, Javier Rendon, Melissa Motino, and Dalilah Hernandez from testifying, because Cox failed to disclose them pursuant to Rule 26(a)(1). During discovery, Cox provided to defendants written statements of Kelly, Motino, and Hernandez. Pl. Resp. at 7-8. Donna Cox and Tkaczyk were identified at deposition. *Id.* Rendon, a Prime Financial employee, would be called as an adverse witness. *Id.* at 8. Defendants do not demonstrate any prejudice resulting from Cox's failure to comply with Rule 26(a)(1). Accordingly, Part D of defendants' motion *in limine* must be denied.

### B. Hiring Practices

Defendants move to bar evidence concerning Prime Financial's hiring practices based on Fed. R. Evid. 402 and 403. The proposed exclusion encompasses four subjects: (1) the immigration status, social security numbers, and identification documentation of Prime Financial's employees (Part A of defendants' motion *in limine*); (2) the legal and regulatory requirements for state registration of loan officers and Prime Financial's compliance with these requirements (Part B); (3) the legal and regulatory requirements for mortgage brokers' use of title insurance and Prime Financial's compliance with these requirements (Part C); and (4) Prime Financial's hiring and compensation of loan officers (Part F).

Cox argues that evidence concerning Prime Financial's hiring practices is at the heart of her racial discrimination claim. This line of evidence, she claims, will prove defendants favored Hispanic employees and discriminated against Caucasian employees, in terms of pay and qualifications. For example, she intends to establish her successor, who is presumably Hispanic,

5

received higher pay, but had fewer qualifications. She also claims Prime Financial's questionable record-keeping of personnel files will prove that written reprimands in her files were manufactured.

Defendants argue they would be unfairly prejudiced by evidence suggesting Prime Financial violated immigration laws. But prejudicial effects may be remedied by an appropriate cautionary instruction to the jury. Defendants are invited to submit by April 24, 2006 a proposed cautionary instruction for the court to read to the jury if the need arises.

Because this case centers on Prime Financial's hiring practices, exclusion of evidence on this subject is unwarranted. Arguing the contrary, defendants rely on four cases: *Gehring v. Case Corp.*, 43 F.3d 340 (7th Cir. 1994); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004); *EEOC v. Bice of Chicago*, 229 F.R.D. 581 (N.D. Ill. 2005) (Manning, J.); *De La Rosa v. N. Harvest Furniture*, 210 F.R.D. 237 (C.D. Ill. 2002) (Bernthal, J.). But the claims or defenses in the cited cases did not depend on hiring practices or personnel files. *See, e.g., Gehring*, 43 F.3d at 342 ("the other employees' circumstances were not close enough to Gehring's to make comparisons productive"). Moreover, *Rivera*, *Bice*, and *De La Rosa* barred discovery of immigration related information in order to protect immigrants who were victims of discrimination. *See, e.g., Bice*, 229 F.R.D. at 583 (discovery on this subject "would have a chilling effect on victims of employment discrimination from coming forward to assert discrimination claims"). This consideration is irrelevant here. Defendants' reliance on these cases is misplaced. Accordingly, defendants' motion *in limine* must be denied with respect to Parts A, B, C, and F.

### C.  Financial Information

Defendants move to bar evidence concerning their financial information, relying on *Zazú Designs v. L'Oréal, S.A.*, 979 F.2d 499 (7th Cir. 1992). But *Zaru*'s statement on whether a

defendant's wealth may be properly considered to assess damages is *dicta*. *Id.* at 508-09. Defendants' financial information may be relevant to assessing punitive damages. *Jones v. Scientific Colors, Inc.*, Nos. 99 C 1959, 00 C 0171, 2001 WL 902778, at *1 (N.D. Ill. July 3, 2001) (McKeague, J.) (rejecting *Zazú* and permitting discovery of financial information). Accordingly, Part E of defendants' motion is denied.

### D. Performance Production Appraisal Reports

Defendants move to bar evidence concerning performance production appraisal reports. Defendants claim that these reports lack probative value and that Cox's present allegation that defendants destroyed the reports would unfairly prejudice the jury. Defendants' attempt to minimize the probative value of the missing reports is as unpersuasive as Cox's attempt to do the contrary. In addition, factual disputes exist as to whether Cox returned reports that she improperly removed when she was fired, and whether defendants destroyed or withheld the missing reports. No unfair prejudice would result if evidence concerning the missing reports were admitted. Thus, there is no basis to grant Part G of defendants' motion *in limine*.

### E. Compensatory Damages and Loss of Future Earning

Finally, defendants move to bar evidence concerning damages, arguing Cox failed to conduct any discovery on this subject. Cox responds she provided defendants with an up-to-date pay notification and a compensation plan. Pl. Resp. at 14. She also points to her deposition testimony concerning damages. *Id.* In addition, defendants recently received Cox's 2005 W-2 form. *Id.* Because defendants' argument lacks factual basis, Part H of their motion must be denied.

## CONCLUSION

For the reasons set forth above, all motions *in limine* are denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

April 20, 2006